Marcus A. Helt (Texas Bar #24052187)
Jack G. Haake *(Admitted Pro Hac Vice)*
Debbie E. Green (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: (214) 210-2821 / Fax: (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

*COUNSEL FOR THE DEFENDANTS*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | **Case No.: 20-42492** |
| *et al.,* | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |
| | § | |
| | § | |
| **MELODY YIRU, on behalf of herself** | § | **Adv. Case No.: 21-04099** |
| **and those similarly situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **SPHERATURE INVESTMENTS LLC,** | § | |
| **WORLDVENTURES MARKETING** | § | |
| **HOLDINGS, LLC,** | § | |
| **WORLDVENTURES** | § | |
| **MARKETPLACE LLC,** | § | |
| **WORLDVENTURES MARKETING,** | § | |
| **LLC, and** | § | |
| **WORLDVENTURES SERVICES,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | |

---

[1] The "Debtors" in the above-captioned jointly administered chapter 11 bankruptcy cases ("Cases") are: Spherature Investments LLC ("Spherature") EIN#5471; Rovia, LLC ("Rovia") EIN#7705; WorldVentures Marketing Holdings, LLC ("WV Marketing Holdings") EIN#3846; WorldVentures Marketplace, LLC ("WV Marketplace") EIN#6264; WorldVentures Marketing, LLC ("WV Marketing") EIN#3255; WorldVentures Services, LLC ("WV Services") EIN#2220.

1

## DEFENDANTS' MOTION TO DISMISS

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Defendants Spherature Investments LLC, WorldVentures Marketing Holdings, LLC, WorldVentures Marketplace, LLC, WorldVentures Marketing, LLC, and WorldVentures Services, LLC (collectively, the "Defendants"), by their attorneys, McDermott Will & Emery LLP, move, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) to dismiss, in its entirety, Plaintiff's Complaint (the "Complaint") in this adversary proceeding ("Adversary").  In support thereof, Defendants state as follows:

### I.     PRELIMINARY STATEMENT

1.     After this Court told Yiru that she could not pursue her putative class action, which was stayed as a result of the Defendants' bankruptcy filing, Yiru dusted off that very complaint, made a few revisions, added additional Debtors as defendants, and initiated a brand new lawsuit. Yiru's brazen disregard for this Court's orders and willful violation of the automatic stay alone dictates dismissal of this Adversary.

2

2.     Moreover, the Complaint is wholly without merit and fails to state a claim upon which relief can be granted.  Yiru asserts several California state law claims despite agreeing that Texas law would apply to her claims.  Ostensibly because she basically refiled her 2017 putative class action complaint, Yiru ignored the fact that all of the claims stated in that old complaint would be outside the applicable statute of limitations in a new lawsuit.  The declaratory judgment claims added to the Complaint, although new, are based on the other stale claims, and are therefore also time-barred.  Yiru's claims that the Debtors operated a pyramid scheme cannot, as a matter of law, be brought as a RICO claim.  Finally, Yiru lacks standing to pursue claims belonging to the estate.  Yiru purports to seek derivative standing to assert those claims in this Adversary, but the filing of an adversary proceeding asserting estate claims without first requesting and being granted derivative standing to pursue those claims is a separate violation of the automatic stay.

3.     The Complaint should be summarily dismissed, with prejudice.

## II.     JURISDICTION AND VENUE

4.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b).  This matter includes both core and non-core claims within the meaning of 28 U.S.C. § 157(b).

5.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The legal bases for the relief requested herein are Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules").

7.     Debtors consent to entry of final orders or judgment by the bankruptcy court.

3

### III.        BACKGROUND

8.        Yiru was a WorldVentures sales representative from September 2015 through April 2017.  Complaint ¶ 12.

9.        On June 1, 2017, Yiru filed a complaint in the United States District Court for the District of California, initiating *Melody Yiru v. Worldventures Holdings, LLC, et al.*, Case No. 17-04357.  On June 12, 2017, a notice of removal was filed in the United States District Court for the Northern District of Texas (the "District Court"), initiating *Melody Yiru v. Worldventures Holdings, LLC, et al.*, Case No. 17-02155 (together with Case No. 17-04357, the "District Court Litigation"), and on August 14, 2017, the matter was transferred to the Northern District of Texas pursuant to a joint stipulation.

10.        Yiru's complaint in the District Court Litigation was styled as a putative class action and asserted the following claims: (i) violation of California's endless chain scheme statute (California Penal Code § 327 and California Civil Code § 1689.2); (ii) unfair and deceptive practices (California Business and Professions Code § 17200, *et seq.*); (iii) false advertising (California Business and Professions Code § 17500, *et seq.*); and (iv-vi) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962 (a), (c), (d)).

11.        In the four years following initiation of the District Court Litigation, the parties litigated in three courts and participated in arbitration outside of the District Court.  Yiru also filed a first amended complaint on November 19, 2019, and a renewed first amended complaint on November 9, 2020.

12.        The District Court Litigation was stayed pursuant to Section 362 of the Bankruptcy Code upon the commencement of the Debtors' chapter 11 cases.

13.    On March 19, 2021, Yiru filed the *Motion of Melody Yiru for Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to File Her Motion for Class Certification in the District Court and to Confirm No Automatic Stay Applies to the Non-Debtor Parties, or in the Alternative, for an Order Applying Fed. R. Bankr. Proc. 7023, Pursuant to Fed. R. Bankr. Proc. 9014(c) to Permit the Filing of a Motion for Class Certification in this Court and Related Relief* (the "Stay Relief Motion") [Dkt. No. 189].  By the Stay Relief Motion, Yiru sought an order from the Court (1) confirming that the automatic stay does not apply to non-debtor parties, and (2) relief from the automatic stay to pursue a motion for class certification in the District Court Litigation. As alternative relief, Yiru sought leave to pursue the claims asserted in the District Court Litigation as an adversary proceeding or to pursue a motion for class certification in the main bankruptcy case.

14.    On July 16, 2021, the Court entered its Order denying in part, and granting in part, the Stay Relief Motion [Dkt. No. 367] (the "Stay Relief Order").  Specifically, the Stay Relief Order denied Yiru's request to pursue class certification either in the District Court or in the Bankruptcy Court and granted Yiru's request to confirm that the automatic stay does not apply to her claims against non-debtor defendants in connection with the District Court Litigation.

15.    Despite the Court's order denying Yiru's request for relief from the automatic stay to pursue the claims asserted in the District Court Litigation against one of the debtors, on July 30, 2021, Yiru filed a proof of claim in each of the Debtors' bankruptcy cases (the "Yiru Proofs of Claim").  In the Yiru Proofs of Claim, Yiru purports to assert a claim against of the Debtors "on behalf of herself and all others similarly situated" in the amount of $400,000,000.

16.    On August 2, 2021, Yiru commenced this Adversary.

17.     The allegations in the Complaint are substantially the same as those in Yiru's first amended complaint in the District Court Litigation.  *See* **Exhibit A**.  The only material changes are to the parties and the addition of declaratory judgment and derivative claims.  Whereas Yiru sued WorldVentures Holdings, LLC; WorldVentures, LLC; WorldVentures Marketing, LLC; WorldVentures Foundation; Wayne Nugent; Michael Azcue; and Daniel Stammen in the District Court Litigation, in the Adversary, Yiru has sued Spherature Investments LLC; WoldVentures Marketing Holdings, LLC; WorldVentures Marketing, LLC; and WorldVentures Services, LLC. The only overlapping defendant between the two lawsuits is WorldVentures Marketing, LLC.

## IV.     ARGUMENT AND AUTHORITIES

### A.     The Complaint Fails to State a Claim upon which Relief Can Be Granted.

18.     A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff.  *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)).  Indeed, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  "A complaint, thus, is not sufficient if it merely contains 'naked assertions' devoid of factual enhancement." *Fraley v. BAC Home Loan Servicing, LP*, No. 3:11-cv-1060, 2012 U.S. Dist. LEXIS 31832, at *8 (N.D. Tex. Jan. 10, 2012) (citing *Iqbal*, 556 U.S. at 678).

19.     Here, Yiru's Complaint fails to state any claims as a matter of law.

6

### (1) The Complaint Violates the Automatic Stay and Therefore Should Be Voided.

20.     Filing of a petition in bankruptcy "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case, or to recover a claim against the debtor that arose before the commencement of the bankruptcy case." *In re Cowin*, 864 F.3d 344, 352 (5th Cir. 2017); 11 U.S.C. § 362(a).

21.     Although collection efforts are halted by the automatic stay, the Bankruptcy Code allows creditors to file proofs of claims against the debtor's estate and file adversary proceedings to resolve certain issues arising under the Bankruptcy Code or arising in bankruptcy cases, such as dischargeability actions. *Id.* The Bankruptcy Code does not, however, allow a creditor to file an adversary complaint without leave of the bankruptcy court. *See In re Adkins*, 513 B.R. 888, 891-896 (Bankr. N.D. Tex. 2014) (holding that filing of third-party complaint against a debtor even in an adversary proceeding violates the automatic stay); *see also In re Roman Catholic Church of Archdiocese of Santa Fe*, 627 B.R. 916, 923 (Bankr. D.N.M. 2021). Although that is the minority view, the court in *In re Roman Catholic Church of Archdiocese* explained why the minority view, which the Fifth Circuit and the Tenth Circuit follow, is the correct construction of section 362(a):

> First, the language of § 362(a)(1) is clear; it says the commencement of a judicial action against the debtor that could have been commenced prepetition, regardless of the forum.
>
> Second, enforcing § 362(a)(1) as written does not lead to "absurd results." While the majority reasons that a literal application of the subsection would require stay relief before filing proofs of claim, nondischargeability actions, or stay relief motions, that is not correct—those actions arise under the Bankruptcy Code *and could not have been brought prepetition*. . . . The "absurd results" feared by the majority are prevented by the language of § 362(a)(1).
>
> Third, suing the debtor in bankruptcy court is not equivalent to filing a proof of claim. Claims objections are contested matters, not adversary proceedings. In

7

> addition, the debtor has control over the claims administration process, in particular
> whether and when to object to claims.  Claims administration is far more efficient
> than allowing each creditor to sue the debtor in the bankruptcy case.

627 B.R. at 922 (emphasis in original).

22.    Yiru filed the Complaint without leave of court in violation of the automatic stay.

*In re Adkins*, 513 B.R. at 891-896.  In fact, Yiru's filing of the Complaint is an intentional violation

of the automatic stay.  By filing the Stay Relief Motion, Yiru correctly acknowledged that she

needed leave of court to pursue in an adversary proceeding the very claims asserted in the

Complaint against the Debtors.  The Court denied the Stay Relief Motion. So Yiru filed her

adversary anyway.

23.    Actions taken in violation of the automatic stay are voidable.  *Picco v. Global*

*Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) ("actions taken in violation of an automatic

stay are not *void*, but rather that they are merely *voidable*, because the bankruptcy court has the

power to annul the automatic stay pursuant to section 362(d)") (emphasis in original).  As the

Court properly denied Yiru's Stay Relief Motion, nothing has changed to warrant lifting of the

stay in connection with the claims asserted in the Complaint, and Yiru blatantly ignored the Court's

Stay Relief Order, the Complaint should be voided and dismissed.

### (2)    Yiru Lacks Standing to Assert Causes of Action Belonging to the Estate.

24.    Yiru purports to assert claims for constructive fraudulent transfer under sections

548(a)(1)(B), 550, and 551 (Count IX); actual fraudulent transfer under sections 548(a)(1)(A),

550, and 551 (Count X); and preferences under sections 547, 550, and 551 (Count XI) and

concedes that these are derivative claims.  Complaint ¶¶ 230, 238, and 244.  Yiru states that, by

filing the Complaint, she is seeking derivative standing to pursue them.  *Id.*  Filing a complaint is

not, however, the proper procedure for seeking derivative standing.  Indeed, in the Fifth Circuit,

8

"filing a complaint asserting causes of action belonging to the estate without first obtaining permission from the court is a violation of the automatic stay." *In re Gen. Homes Corp.*, 181 B.R. 870, 879 (Bankr. S.D. Tex. 1994).

25.     Although Yiru asserts that she has standing to assert her disallowance claim (Count XIII) under section 502(d) as a creditor, she is wrong.  Complaint ¶ 256.  Count XIII is no different than the derivative claims in Counts IX, X, and XI, albeit poorly disguised.  Yiru seeks disallowance of any claim of a "Net Winner from whom property is recoverable under Section 550 of the Bankruptcy Code, or that is a transferee of a transfer avoidable under Sections 547 or 548 of the Bankruptcy Code."  Complaint ¶ 255.  In effect, Yiru seeks to assert avoidance claims indirectly through section 502(d).

26.     Creditors lack standing to assert claims under section 550, 547, and 548 of the Bankruptcy Code.  All three sections provide that only "the trustee" may proceed under each section.  11 U.S.C. §§ 550, 547, and 548.[2]  And creditors cannot use section 502(d) to circumvent the clear language of another bankruptcy provision and "do indirectly what they cannot do directly." *In re Odom Antennas, Inc.*, 258 B.R. 376, 384 (Bankr. E.D. Ark. 2001) (holding that creditor could not use section 502(d) to avoid United States' pre-petition tax penalty, which is avoidable under section 724(a), as section 724(a) states that "the trustee may avoid" such claims).

---

[2]  Section 550 provides, in salient part, "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, **the trustee may recover**, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property."  11 U.S.C. § 550(a) (emphasis added).  Section 547 provides, among other things, "Except as provided in subsections (c), (i), and (j) of this section, **the trustee may**, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property."  11 U.S.C. § 547(b)(1) (emphasis added).  And section 548 provides, among other things, "**The trustee may avoid** any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition" under enumerated inequitable circumstances. 11 U.S.C. § 548(a)(1) (emphasis added).

DM_US 182104368-1.114823.0011

27.     Accordingly, Counts IX, X, XI, and XIII must be dismissed.

### (3)     Yiru's Direct Claims Are Barred by the Applicable Statute of Limitations.

28.     With the exception of the claims that belong to the estate (for which Yiru does not have standing to pursue—Counts XI, X, XI, and XIII), all of Yiru's claims are barred by the applicable statute of limitations and must be dismissed.

29.     That statute of limitations applicable to Yiru's endless chain scheme claim (Count I – California Penal Code §§ 327 and 1689.2 of the California Civil Code) is three (3) years. *Wu v. Sunrider Corp.*, 793 Fed. Appx. 507, 510 (9th Cir. 2019). The endless chain scheme statute does not have its own limitations period, so section 338 of the California Civil Procedure Code applies, and imposes a three year statute of limitations. *Id.*; Cal. Civ. Proc. Code § 338(a) (any "action upon a liability created by statute, other than a penalty or forfeiture" is subject to a three year statute of limitations).

30.     A statute of limitations "runs from the moment a claim accrues." *Wu*, 793 Fed. Appx. at 509 (quoting *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013)). And "a claim accrues upon occurrence of the last element essential to the cause of action." *Id.*

31.     Yiru alleges that she became a WorldVentures sales representative in September of 2015. Complaint ¶ 11. She further alleges that she paid WorldVentures $510.92 in September 2015 and then monthly thereafter. Complaint ¶ 12. As such, Yiru's claim accrued when she became a WorldVentures sales representative in September 2015. *See Wu*, 793 Fed. Appx. at 510 (holding that plaintiff's endless chain scheme claim accrued when she became a participant in the alleged endless chain scheme). Because Yiru did not file the Complaint until August 2, 2021, more than 3 years after September 2015, her endless chain scheme claim is time-barred and must be dismissed.

DM_US 182104368-1.114823.0011

32.     Yiru's unfair and deceptive practices claim (Count II – California Business and Professions Code § 17200, *et seq.*) is similarly time-barred.  A 4-year statute of limitations applies to claims under California Business and Professions Code section 17200, per section 17208, which provides that "[a]ny action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued."  CAL. BUS. & PROF. CODE § 17208; *see also Wu*, 793 Fed. Appx. at 510.  Further, because Yiru's unfair and deceptive practices claim is premised on Defendants' alleged violation of the endless chain scheme statute (Complaint ¶ 103), it accrued at the same time her endless chain scheme claim accrued.  *See Wu*, 793 Fed. Appx. 510.  Thus, Yiru was required to file her unfair and deceptive practices claim no later than four (4) years after she enrolled in WorldVentures, on or about September 2019.  She did not.  Her claim must therefore be dismissed.

33.     The statute of limitations applicable to Yiru's false advertising claim (Count III – California Business and Professions Code § 17500, *et seq.*) is likewise four (4) years.  *Tortilla Factory, LLC v. Better Booch, LLC*, Case No. 2:18-cv-02980, 2018 WL 4378700, at *5 (C.D. Cal. Sept. 13, 2018).  Yiru contends that certain Statements of Average Gross Compensation were "false, untrue, fraudulent, or misleading" and used to convince representatives to signup with WorldVentures.  Complaint ¶¶ 124, 132, 136.  Since Yiru signed up in September 2015, the statute of limitations has run on this claim as well.

34.     Yiru purports to assert three RICO claims (Counts IV, V, and VI).  Civil RICO claims have a 4-year statute of limitations.  *Rotella v. Wood*, 528 US. 549, 553 (citing *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987)).  And the statute of limitations begins to run when the plaintiff discovers their injury.

11

35.     Yiru alleges that Defendants represented to her "that she could 'make a lot of money, 'double [her] profits,' and make an extra $20,000 by recruiting others to become WorldVentures 'sales representatives,'" yet she did not make the money promised; she "failed." Complaint ¶¶ 4-5.   Thus, Yiru must have discovered her injury soon after she enrolled in September 2015.  Accordingly, Yiru's RICO claims are time-barred.

36.     Yiru's remaining claims—for declaratory judgment (Counts VII, VIII, and XII)—fare no better; they are time-barred.

37.     Declaratory judgment actions are "subject to a statute of limitations applicable to civil claims." *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1016 (N.D. Cal. 2015).  "[I]f a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." *Id.*

38.     All of Yiru's declaratory judgment claims could have been resolved through another form of action.

39.     Count VII, by which Yiru seeks a declaration that her agreement with WorldVenture is illusory, could have been brought as a breach of contract action.  Under Texas law, which applies to all claims in this Adversary, a breach of contract claim is subject to a 4-year statute of limitations. *Smith Int'l v. Egle Grp.*, 490 F.3d 380, 385 (5th Cir. 2007).  The legal injury rule applies to determine when a breach of contract claim accrues. *Id.* at 387 (citing *See Boulle v. Boulle*, 160 S.W.3d 167, 174 (Tex. App.—Dallas 2005, pet. denied)).  Under the legal injury rule, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."  According to the Complaint, Yiru was injured by Defendant's alleged pyramid scheme when she enrolled in

12

WorldVentures and paid the enrollment fee in September 2015.  Thus, this declaratory judgment claim is time-barred.

40.    For Count VIII, Yiru seeks a declaration that Defendants are operating a Ponzi scheme and a pyramid scheme.  Complaint ¶ 227.  This claim is simply a recharacterization of Yiru's California state law claims and RICO claims to which either a 3-year or 4-year statute of limitation applies, and which Defendants have already demonstrated are time-barred. Accordingly, this declaratory judgment claim is similarly time-barred.

41.    Count XII, though labeled a declaratory judgment claim, does not actually seek a declaratory judgment.  Rather, Yiru seeks "an order determining the calculation of the liability of the Defendants and each member of the Net Winner Class to the Plaintiff."  Complaint ¶ 250. Essentially, Yiru seeks damages.  "[S]tyling an action as one for declaratory relief rather than for damages" cannot save this claim from dismissal.  It is subject to the same statute of limitations applicable to all of Yiru's other claims pursuant to which she seeks damages.  As those claims are time-barred, this one is as well and should be dismissed.

**(4)    The Complaint Fails to State a Claim under RICO.**

42.    For Counts IV, V, and VI, Yiru alleges that Defendants operate an illegal pyramid scheme in violation of RICO.  Complaint ¶¶ 167, 196, 202.  An alleged pyramid scheme cannot support a RICO claim.

43.    RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the

13

defendant caused injury to plaintiff's business or property." *Guo v. Kyani, Inc.*, 311 F. Supp. 3d

1130, 1149 (C.D. Cal. 2018) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th

Cir. 2002)).

44.    A plaintiff cannot "rely upon any conduct that would have been actionable as fraud

in the purchase or sale of securities to establish a violation of RICO." *Id.* (quoting *Powers v. Wells*

*Fargo Bank NA*, 439 F.3d 1043, 1044 (9th Cir. 2006)).  Instead, the plaintiff must challenge such

alleged conduct under the PSLRA.  *Martinez v. MXI Corp.*, No. 3:15-cv-00243-MMD-VPC, 2016

WL 951430, at *8 (D. Nev. Mar. 9, 2016).

45.    Courts have consistently held that investment in a pyramid scheme is an

"investment contract" and therefore "securities" within the meaning of the federal securities laws.

*See, e.g., Guo*, 311 F. Supp. 3d at 1150 (dismissing plaintiff's RICO claim where plaintiff alleged

that the defendant perpetuated an unlawful pyramid scheme in violation of RICO and California's

endless chain scheme law); *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 784 (9th Cir. 1996)

(rejecting the plaintiffs' argument that their payments were not investment contracts because they

were required to exert "some effort"); *Martinez*, 2016 WL 951430, at *8 ("[I]nvestments in

pyramid schemes are securities as a result of the nature of pyramid schemes, rather than the

specifics of any agreements. As a consequence, the PSLRA is the correct vehicle for a challenge

based on the operation of a pyramid scheme rather than RICO."); *Li v. EFT Holdings, Inc.*, No.

CV 13-8832 DSF (CWX), 2015 WL 12747812, at *1 (C.D. Cal. July 21, 2015) (dismissing the

plaintiff's RICO claim because "allegations that one was victimized by a pyramid scheme may be

brought as securities fraud claims and cannot be brought as RICO claims").  That is because "an

investment contract is a transaction in which the scheme involves an investment of money in a

common enterprise with profits to come solely from the efforts of others." *Webster*, 79 F.3d at

784 (quoting S.*E.C. v. Glenn W. Turner Enterps.*, 474 F.2d 476, 477 (9th Cir. 1973)) (internal

quotations omitted).

46.     Yiru, whose counsel is well aware of the applicable law—he represented the

plaintiff in *Guo*—attempts to avoid dismissal of her RICO claims by asserting that she did not

have an "investment contract" with WorldVentures.  Latching onto the court's statement in *Guo*

that "courts consider whether the promoters of the alleged scheme control the methods by which

the product is sold and new members are recruited," Yiru alleges that "[t]he marketing and

recruitment aspects of WorldVentures' enterprise are not within the definition of a security."

Complaint ¶ 161.  But such allegations are beside the point.  As the court explained in *Martinez* in

response to the plaintiff's similar attempt to argue that the pyramid scheme alleged in his complaint

was not necessarily a security, that the court should deny the motion, and permit discovery in order

to determine whether the agreements were actually investment contracts, an allegation that the

defendants operated a pyramid scheme is sufficient in and of itself; "investments in pyramid

schemes are securities as a result of the nature of pyramid schemes, rather than the specifics of any

agreements."  2016 WL 951430, at *8; *see also Webster*, 79 F.3d at 784 ("By the very structure of

a pyramid scheme, participants' efforts are focused not on selling products but on recruiting others

to joint the scheme . . . [T]his is enough to bring investments in the program within the definition

of 'investment contract.'") (citation omitted); *Li*, 2015 WL 12747812, at *1 ("allegations that one

was victimized by a pyramid scheme may be brought as securities fraud claims and cannot be

brought as RICO claims.").

47.     Here, Yiru has repeatedly alleged that she was victimized by Defendants' operation

of an alleged pyramid scheme.  *See, e.g.*, Complaint ¶¶ 2, 6, 11, 18, 33, 47, 167, 184, 189, 191,

193, 198, 218, 222, 227.  Indeed, she seeks a declaratory judgment that Defendants are operating

an illegal pyramid scheme.  Complaint ¶ 227.  Yiru must bring her claims as securities fraud claims

or not at all.  The RICO claims must be dismissed.

> **(5)**     **Yiru's California State Law Claims Are Barred by the Choice of Law Provision in Her Agreement with WorldVentures.**

48.     Yiru alleges three California state law claims—Counts I, II, and III for (i) violation

of California's endless chain scheme statute (California Penal Code § 327 and California Civil

Code § 1689.2); (ii) unfair and deceptive practices (California Business and Professions Code §

17200, et seq.); and (iii) false advertising (California Business & Professions Code § 17500, et

seq.).  Yiru's attempt to apply California law to her dispute with WorldVenture is contrary to her

agreement with WorldVenture and unsupportable.

49.     The agreements governing Yiru's relationship with WorldVentures—the

WorldVentures Representative Agreement and the WorldVentures Marketing, LLC's Statement

of Policies and Procedures (the "Policies and Procedures"), which is expressly incorporated into

each WorldVentures Representative Agreement—precludes the application of California law in

this case.  Both contain broad choice of law provisions designating Texas as the law that would

apply to any litigation between the parties.  *See* Declaration of Rico Melendez ("Melendez Decl."),

a true and correct copy of which is attached hereto as **Exhibit B**, WorldVentures Representative

Agreement § 12, Policies and Procedures § 9.5.  And such choice of law provisions are valid and

enforceable and necessitate dismissal of Yiru's California state law claims.  The WorldVentures

Representative Agreement provides, "This Agreement will be governed by and construed in

accordance with the laws of the State of Texas, without regard to principles of conflicts of law."

*See* Melendez Decl., WorldVentures Representative Agreement § 12.  The Policies and Procedures

provides that "[t]he law of the State of Texas shall govern all other matters . . . relating to or arising

from the [WorldVentures Representative] Agreement unless the laws of the state in which a

Representative resides expressly require the application of its laws." *See* Melendez Decl., Policies and Procedures § 9.5.

50.     "Choice of law decisions can be resolved at the motion to dismiss stage when factual development is not necessary to resolve the inquiry." *See Energy Coal S.P.A. v. CITGO Petroleum Corp.*, 836 F.3d 457, 459 (5th Cir. 2016).   Further, "[c]hoice-of-law clauses are presumptively valid." *Yesh Music v. Lakewood Church*, No. 4:11-cv-3095, 2012 U.S. Dist. LEXIS 19030, at *9 (S.D. Tex. Feb. 14, 2012) (citing *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997)).   "The presumption of validity may be overcome only by a showing that the clause is unreasonable under the circumstances." *See id.* at *9-10.

51.     Moreover, "[w]here federal question jurisdiction is invoked, as here, federal courts generally apply federal common law principles to resolve choice of law disputes." *Id.* at *10 (quoting *Nat'l Fair Housing Alliance, Inc. v. Prudential Ins. Co. of Am.*, 208 F. Supp. 2d 46, 62 (D.D.C. 2002)).   "Federal common law follows the approach of the Restatement (Second) of Conflicts of laws," which provides that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." *Id.* (quoting *Nat'l Fair Housing Alliance*, 208 F. Supp. 2d at 62; Restatement (Second) of Conflict of Laws § 187(1)). Where the parties' agreement provides for the application of a particular law and there is no showing of unreasonableness, the chosen law governs.  *See id.*

52.     Yiru has not alleged—nor can she—that applying Texas law to this dispute would be unreasonable.   Accordingly, Texas law governs this matter, and Yiru's California state law claims must be dismissed. *See Maynard v. PayPal, Inc.*, No. 3:18-cv-259, 2019 U.S. Dist. LEXIS 130240, at *11 (N.D. Tex. Aug. 5, 2019) ("As a result of the application of Delaware law, plaintiffs

cannot maintain claims under the Texas statutes, and dismissal was proper on plaintiff's [Texas law claims]") (citing *Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1070 (E.D. Cal. 2006)) (explaining that a valid choice of law provision selecting another state's law is grounds to dismiss a claim under the forum state's statutes).

53.     Yiru attempts, however, to side-step this defect with arguments that have no merit.

54.     <u>First</u>, Yiru contends that the choice of law provision is not enforceable based on an arbitration award she obtained in connection with the arbitration proceedings arising from the District Court Litigation.  Complaint ¶ 204.  Yet, Yiru admits in the Complaint that the arbitrator did not actually find that the choice of law provision was unenforceable.  Rather, as Yiru alleges, while the arbitrator found in his initial award that the WorldVentures Representative Agreement and the Policies and Procedures were illusory, he later clarified that such finding applied only to the arbitration agreement and not to other provisions of the WorldVentures Representative Agreement and the Policies and Procedures.  Complaint ¶¶ 203-204.  According to Yiru, "Even though the Arbitrator clarified that his ruling was not made as to other provisions of the Agreement, the illusory ruling is subject to collateral estoppel because each and every provision of the Agreement must be necessarily bound up in such a determination."  Complaint ¶ 204.  Collateral estoppel does not, however, work that way.  Collateral estoppel only bars litigation of an issue if the issue is identical to the issue litigated in the prior action, the issue was fully and vigorously litigated in the prior action, the issue was necessary to support the judgment in the prior action, and there are no unusual circumstances that would render application of collateral estoppel inappropriate or unfair.  None of these four factors are satisfied here.

55.     <u>Second</u>, Yiru contends that the law of the case doctrine applies.  But it does not. She argues that the arbitrator's finding that the arbitration provision was illusory is law of the case

"in that a finding one provision is illusory cannot be divorced from the same necessary finding that the balance of the Agreement's provisions are too, illusory."  Complaint ¶ 205.  The law of the case doctrine, however, "precludes reexamination of issues of law or fact decided on appeal, either by the district court on remand or by the appellate court itself on a subsequent appeal." *Alpha/Omega Ins. Servs. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001).  It "applies only to those issues that were actually decided, rather than all questions in the case that might have been decided but were not."  *Id.*  And issues may be deemed to have been implicitly decided only if they were "fully briefed to the appellate court and ... necessary predicates to the [court's] ability to address the issue or issues specifically discussed."  *Id.* (quoting *In re Felt*, 255 F.3d 220, 225 (5th Cir. 2001)).  As an initial matter, there is no applicable appellate ruling. Moreover, even if the law of the case doctrine could be applied to an arbitrator's ruling, here, the arbitrator's clarification alone refutes Yiru's argument.

**B.     Yiru's Failure to Properly Serve Defendants Necessitates Dismissal.**

56.     Under Federal Rule of Civil Procedure 12(b)(5), the Court can dismiss a lawsuit for insufficient service of process.  *See Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).  Once a defendant challenges service of process, the burden is on the plaintiff to establish the sufficiency of service to avoid dismissal of its complaint.  *See id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

57.     Yiru filed the Complaint on August 2, 2021, and summons was issued on August 3, 2021.

58.     Federal Rule of Bankruptcy Procedures 7004(e) requires "delivery of the summons and complaint within 7 days after the summons is issued," which in this case was August 10, 2021.

DM_US 182104368-1.114823.0011

59.     While a courtesy copy of the Complaint was emailed to Defendants' counsel, there is no evidence that Defendants were served in compliance with Federal Rule of Bankruptcy Procedure 7004.  Defendants were not personally served, and the docket does not reflect a return of service.

60.     Accordingly, the Complaint should be dismissed.

## V.     PRAYER

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit C,** granting the relief requested herein, dismissing the Complaint in its entirety, with prejudice, and granting such other and further relief as the Court deems just and proper.

Dated:  September 2, 2021

Respectfully Submitted,

*/s/ Debbie E. Green*

Marcus A. Helt (Texas Bar No. 24052187)
Debbie E. Green (Admitted *Pro Hac Vice*)
Jack G. Haake (Admitted *Pro Hac Vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel:    (214) 210-2821
Fax:    (972) 528-5765
mhelt@mwe.com
dgreen@mwe.com
jhaake@mwe.com

***COUNSEL FOR THE DEFENDANTS***

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 2, 2021, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.


*Debbie E. Green*
Debbie E. Green